```
            IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF ARKANSAS
                     FORT SMITH DIVISION
```

J&J SPORTS PRODUCTIONS, INC.
as Broadcast Licensee of the
May 1, 2010 Mayweather/Mosley
Broadcast                                                    PLAINTIFF

v.                    Case No. 2:11-CV-02016

WILLIAM R. GARNER, JR.,
Individually and as officer,
director, shareholder and/or
principal of Port City Athletic
Club, Inc. d/b/a Hangin Judge
Saloon; and PORT CITY ATHLETIC
CLUB, INC. d/b/a Hangin Judge
Saloon                                                       DEFENDANTS

## ORDER

Plaintiff J&J Sports Productions, Inc. ("J&J") brought this action alleging that Defendants William R. Garner, Jr., individually and as officer, director, shareholder, and/or principal of Port City Athletic Club, Inc. d/b/a Hangin Judge Saloon ("Garner"), and Port City Athletic Club, Inc. d/b/a Hangin Judge Saloon, knowingly and willfully violated the Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605, by unlawfully intercepting and exhibiting the Mayweather/Mosley Program ("the Program") on May 1, 2010. Defendants failed to timely appear in this action, and the Clerk entered default (Doc. 10) against both Defendants on March 17, 2011. The Court granted J&J's subsequent Motion for Default Judgment by Order entered May 26, 2011. (Doc. 12). On June 20, 2011, Garner filed a Motion to Set Aside Default (Doc. 13), alleging improper service by J&J. On June 29, 2011, the

parties filed a joint stipulation agreeing that Defendants "shall file their Answer within fourteen (14) days . . . and agree to waive any personal jurisdictional defenses." J&J further consented to set aside the default judgment entered in its favor upon Defendants' filing their answer within the agreed upon time frame. Defendants filed their Answer (Doc. 16) on July 13, 2011 - 14 days after entry of the stipulation.

The Court now finds itself in an interesting position. Having already secured a judgment in its favor, J&J now agrees to set aside that judgment. The Court is generally hesitant to set aside a judgment for which the Court has expended considerable time reviewing and resolving the issues without a showing of good cause. In this case, however, Defendants have raised the issue of improper service and J&J, instead of responding to the Defendants' allegations, simply agreed to set aside the judgment. While the issue of whether Defendants were properly served is far from clear from the record, the Court, based on the parties' agreement, declines to inquire further. IT IS THEREFORE ORDERED that the stipulation of the parties is accepted insofar as the Default Judgment entered against Defendants by the Court's Order dated May 26, 2011 (Doc. 12) is SET ASIDE. Further, the Court takes notice that Defendants have agreed to waive any personal jurisdiction defenses. The Court will enter an Initial Scheduling Order in this case setting forth deadlines regarding the Rule 26 conference.

Defendants' Motion to Set Aside Default (Doc. 13) is TERMINATED AS MOOT.

IT IS SO ORDERED this 19th day of July 2011.


                                        /s/ Paul K. Holmes, III
                                        **PAUL K. HOLMES, III**
                                        **UNITED STATES DISTRICT JUDGE**